IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 
CAROL COUCH ) 
 ) 
Plaintiff, 
 ) 
v. ) 
 ) CIVIL ACTION NO. 2:20-cv-00626 
SAFECO INSURANCE COMPANY OF ) 
AMERICA ) 
 ) 
Defendant. 
 ) 
 ) 
 MEMORANDUM OPINION AND ORDER 
Now pending before this Court is the Plaintiff’s Motion to Remand (doc. 4) and 
the parties’ Joint Motion for Entry of Agreed Order (doc. 11). Plaintiff Carol Couch 
(“Couch”) filed this action in the Circuit Court of Covington County, Alabama on July 
22, 2020, alleging breach of contract and bad faith failure to pay against defendant Safeco 
Insurance Company of America (“Safeco”). (Doc. 1-1). 
On August 27, 2020, the Defendant removed the case to this Court solely on the 
basis of diversity of citizenship jurisdiction. See 28 U.S.C. § 1441 and 28 U.S.C. § 1332. 
A defendant may remove to federal court any civil action over which the court would 
have original jurisdiction. 28 U.S.C. § 1441(a). This Court has jurisdiction over actions 
involving citizens of different states provided that all plaintiffs are diverse from all 
defendants, see Strawbridge v. Curtiss, 7 U.S. 267 (1806), and the amount in controversy 
exceeds $75,000. 28 U.S.C. § 1332(b). 
On August 31, 2020, the Plaintiff filed a motion to remand (doc. 4) on the basis 
that the amount in controversy does not exceed $75,000. (Doc. 2 at 2, para. 3). Also 
pending before the Court is the parties’ joint motion for an order of remand (doc. 11). 

Although the Defendant removed this case on the basis that the amount in 
controversy in this case exceeds $75,000, the parties have reached an agreement to 
remand this case to state court. In support of the motion to remand, counsel for Couch 
submitted an affidavit stipulating that Plaintiff would “neither seek nor accept damages 
greater than $75,000” in this lawsuit. (Doc. 4-3). The Court credits these representations 

as bona fide and binding on Plaintiff. 
Therefore, based on Couch’s affidavit and the representation of counsel that the 
Plaintiff does not seek and will not accept more than $75,000 in damages, this Court 
finds that the amount in controversy does not exceed $75,000. Because the requisite 
amount in controversy is not present in this case, this Court lacks diversity jurisdiction. 

The Court emphasizes that it has relied on the representations of the Plaintiff and his 
counsel in concluding that the Court lacks diversity jurisdiction. The Court finds their 
representations to be binding on the plaintiff, his heirs, representatives and assigns. 
In the joint motion for entry of the parties’ agreed order, the Plaintiff further 
represented that upon remand to the Circuit Court of Covington County, Alabama, she 

shall file an Amended Complaint stipulating that she will neither seek nor accept more 
than $75,000 in this lawsuit. However, having determined that this Court lack diversity 
jurisdiction, this Court declines to enter the order proposed by the parties. The Court has 
no basis to retain jurisdiction when, as here, jurisdiction is lacking. 
Accordingly, for the reasons as stated, and for good cause, it is 
ORDERED that the Plaintiff’s motion to remand (doc. 4) is GRANTED and the 
parties’ joint motion for order (doc. 11) is DENIED and that this case is REMANDED to 

the Circuit Court of Covington County, Alabama. 
The Clerk of the Court is DIRECTED to take the action necessary to accomplish 
the remand of this case to the Circuit Court of Covington County. 
DONE this 14th day of October, 2020. 

 /s/ Emily C. Marks 
 EMILY C. MARKS 
 CHIEF UNITED STATES DISTRICT JUDGE